UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

Danielle-Susanne K. Wagner, )
)
    Plaintiff, ) 3:14-cv-213 JWS
)
vs. ) **ORDER AND OPINION**
)
Blue Cross Blue Shield of Illinois, ) [Re: Motion at docket 16]
)
    Defendant. )
)

## I.  MOTION PRESENTED

At docket 16, plaintiff Danielle-Susanne K. Wagner ("Plaintiff") moves to compel defendant Blue Cross Blue Shield of Illinois ("Defendant") to respond to her discovery requests.  She also seeks sanctions pursuant to Federal Rule of Civil Procedure 37. Additional supporting memoranda and exhibits are at dockets 16 and 19.  Defendant responds at docket 21, and Plaintiff replies at docket 22.  Oral argument was not requested and would not assist the court.

## II.  DISCUSSION

Plaintiff filed this case in state court seeking damages relating to Defendant's denial of medical insurance benefits.  On November 6, 2014, the case was removed to this court based on diversity of citizenship and the fact that some of Plaintiff's claims

arise under federal law.  The court solicited input from the parties in order to set a schedule for the progression of the litigation.  Among other things, the parties' report requested that fact discovery be completed by October 1, 2015.[1]  After reviewing the parties' report, on January 7, 2015, the court issued a Scheduling and Planning order which included the following requirement:

> "H.  Discovery shall be scheduled so as to be <u>completed by</u>:
>   1. As to all fact discovery, on or before <u>October 1, 2015</u>."[2]

Such scheduling orders are required by Fed. R. Civ. P. 16(b).  Of course, setting a schedule and requiring the litigants to abide by it furthers the goal of "securing a just, speedy, and inexpensive determination of every action and proceeding."[3]  Once a schedule is set, it may be modified only for good cause and with the court's consent.[4]

Neither party sought a modification of the October 1, 2015 date, which they had jointly requested and which the court set for the completion of discovery.  This is not surprising, for the Scheduling and Planning Order allowed almost nine months for the completion of fact discovery.  What is surprising is Plaintiff's service of interrogatories, requests for production, and requests for admissions on September 25, 2015.  The Federal Rules of Civil Procedure provide the time afforded for responding to such

---

[1] Doc. 10 at p. 3.

[2] Doc. 11 at p. 5.

[3] Fed. R. Civ. P. 1.

[4] Fed. R. Civ. P. 16(b)(4).

2

discovery requests. The time provided is 30 days.[5] Because Plaintiff's discovery requests were served on September 25, well less than 30 days prior to October 1, 1015, they were untimely. If there were good cause for an eleventh-hour extension of the date for completion of discovery, plaintiff could have filed a motion seeking to modify the Scheduling and Planning Order. She did not do so. The discovery requests having been made in violation of the Scheduling and Planning Order, the motion at docket 16 lacks merit. The court finds it unnecessary to consider the other arguments advanced in the parties' papers.

### III. CONCLUSION

Based on the preceding discussion, the motion at docket 16 is **DENIED**.

DATED this 17th day of December 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]Fed. R. Civ. P. 33(b)(2) (interrogatories), 34(b)(2)(A) (requests for production), and 36(a)(3) (requests for admission).

3